IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHUANG CHEN; and JIANFEI YE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY & COUNTY OF HONOLULU;<br>HONOLULU POLICE DEPARTMENT;<br>LORRAINE IWAMASA, in her<br>individual and official capacities; and<br>UNNAMED MALE DETECTIVE,<br><br>Defendants. | CIV. NO. 26-00054 JMS-WRP<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS, ECF NO. 20, WITH<br>LEAVE TO AMEND |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
ECF NO. 20, WITH LEAVE TO AMEND**

## I.  INTRODUCTION

This case arises out of an investigation into an alleged sexual assault of Plaintiff Shuang Chen ("Chen") by a United States Navy ("Navy") servicemember.  Chen and her husband, Plaintiff Jianfei Ye ("Ye") (collectively, "Plaintiffs"), allege that Defendant Lorraine Iwamasa ("Iwamasa")—a detective employed by Defendant Honolulu Police Department ("HPD")—intentionally scuttled the investigation by leaking evidence to the alleged assailant, improperly transferring jurisdiction over the case to the Navy, and falsifying case data to cover

her tracks.  Plaintiffs further allege that this mishandling of the case allowed the alleged assailant to evade prosecution, resulting in psychological harm to Chen.

In the wake of these alleged events, Plaintiffs, proceeding pro se, sued Iwamasa, HPD, the City and County of Honolulu,[1] and an "Unnamed Male Detective" (collectively, Defendants), asserting federal claims under 42 U.S.C. § 1983 and state-law claims for negligence, evidence tampering, and obstruction. HPD filed a motion seeking dismissal of all claims against it.  For the reasons that follow, the motion is GRANTED, and the claims are DISMISSED with PARTIAL LEAVE TO AMEND.

## II.  <u>BACKGROUND</u>

### A.    **Factual Background[2]**

On April 2, 2024, Chen was sexually assaulted by a Navy servicemember in his condominium in Mililani, Hawaii.  ECF No. 1 at PageID.2. Chen reported the assault to HPD on May 10, 2024, and provided "detailed hand-drawn evidence of the furniture and layout" of the condominium and a description of certain distinctive physical characteristics of the assailant.  *Id.*  Iwamasa "was

---

[1]  HPD and the City and County of Honolulu are a single legal entity for purposes of this suit.  *See Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1214 (D. Haw. 2012) (collecting cases).

[2]  This factual background is drawn from the allegations contained in the complaint, ECF No. 1, which are taken as true at this motion-to-dismiss stage.  *See, e.g.*, *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

assigned as the investigating officer" and interviewed Chen on May 21, 2024. *Id.*

An "unauthorized male detective" was also present during the interview. *Id.*

The alleged assailant was questioned on June 6, 2024. *Id.* Shortly

thereafter, he "was seen replacing items" in his condominium "that directly

matched the hand-drawn evidence, suggesting prior access to confidential

material." *Id.* After Chen "reported concerns regarding evidence leakage and

crime scene tampering," Iwamasa "entered and modified case status records within

the HPD system," including entering a case closure date of June 10, 2024. *Id.*

Iwamasa also "represented" that the case was being sent to the Office of the

Prosecuting Attorney "for prosecutorial review." *Id.* The Office of the

Prosecuting Attorney, however, "never received the case." *Id.*

HPD transferred jurisdiction over the case to the Navy on July 9,

2024. *Id.* HPD "failed to halt, review, or correct" the transfer despite maintaining

"policies and practices governing the supervision and jurisdictional transfer of

serious felony investigations, including civilian sexual assault cases." *Id.* at

PageID.4.

After the transfer, the Navy did not notify Chen of its investigation or

seek her participation, and ultimately "closed the investigation on July 18, 2024,

less than ten days after assuming jurisdiction." *Id.* at PageID.2–3. "As a result of

the rapid closure," the alleged assailant "was neither detained nor charged, and

Plaintiffs were deprived of any meaningful opportunity to seek accountability through the civilian criminal justice system." *Id.* And as "a result of Defendants' acts and omissions," Chen "suffered severe and documented psychological injury, trauma, and ongoing impairment to her sense of personal safety." *Id.* at PageID.3.

Plaintiffs "escalated" their "concerns regarding the handling and transfer of the investigation" to "supervisory personnel and other City officials." *Id.* at PageID.3. On September 12, 2024, HPD's Professional Standards Office "admitted in writing" that part of Plaintiffs' complaint had been sustained. *Id.*

## B.    Procedural Background

Plaintiffs filed their complaint on February 4, 2026. ECF No. 1. On April 9, 2026, HPD filed a motion to dismiss for failure to state a claim. ECF No. 20. Plaintiffs filed an opposition on May 4, 2026, ECF No. 29,[3] and on May 18, 2026, HPD filed a reply, ECF No. 33. The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

## III.  STANDARDS OF REVIEW

A complaint must contain "a short and plain statement" of each claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To determine whether this requirement is satisfied, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and

---

[3] The court granted Plaintiffs leave to file an amended opposition, ECF No. 29, which superseded their original opposition, ECF No. 22. *See* ECF No. 27 (order granting leave).

decide whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "may not simply recite the elements of a cause of action," and instead "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Iqbal*, 556 U.S. at 678 (stating that Rule 8 does not require detailed factual allegations, but "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation"). The court generally will not look beyond the four corners of the complaint to decide whether it states a plausible claim. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Pro se filings must be liberally construed, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but "nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong," *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and should be denied only where "the pleading could not possibly be cured by the allegation of other facts," *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 960 (9th Cir. 2020) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)). In other words, leave to amend may be

denied when amendment would be futile.  *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

## IV.  **DISCUSSION**

### A.    **Consideration of Exhibits**

Before turning to the parties' arguments, the court must delineate the scope of its review.  "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint."  *Marder*, 450 F.3d at 448.  Here, Plaintiffs argue that eleven exhibits are part of their complaint.  The exhibits consist of:

- two declarations by Chen describing (1) the alleged sexual assault and her willingness to testify against the alleged perpetrator, ECF No. 1-1, and (2) her interview with HPD, ECF No. 1-9;

- a complaint packet sent by Plaintiffs to the Honolulu Police Commission regarding HPD's handling of the investigation, and a one-page response letter from HPD's Professional Standards Office, ECF No. 1-2;

- seven memoranda summarizing and analyzing facts relating to various aspects of the claims, prepared and signed by Plaintiffs, ECF Nos. 1-3 through 1-8, ECF No. 1-10; and

- the civil cover sheet for the complaint in this case, ECF No. 1-11.[4]

---

[4]  A civil cover sheet is not a part of the complaint and cannot be relied upon to survive a motion to dismiss. *See, e.g., Crowe v. Lynch*, 2009 WL 250913, at *1 n.3 (S.D. Cal. Jan. 30, 2009) ("The court notes that the Civil Cover Sheet does not form part of the Complaint.  All Rule 8 requirements must be met through the Complaint itself.").

Plaintiffs argue these exhibits are part of the complaint under both Federal Rule of Civil Procedure 10(c) and the incorporation-by-reference doctrine.  ECF No. 29 at PageID.215.  The court disagrees.

Under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  But not all documents are written instruments.  Rather, a "written instrument within the meaning of Rule 10(c) is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement."  *Scutt v. UnitedHealth Ins. Co.*, 2022 WL 787992, at *3 (D. Haw. Mar. 15, 2022) (quoting *Mora v. City of Chula Vista*, 2021 WL 1165054, at *7 (S.D. Cal. Mar. 26, 2021)) (quotation marks omitted).  None of the exhibits at issue here fits that definition.  The exhibits are instead "in the nature of evidence submitted to bolster" Plaintiffs' allegations, and therefore fall outside the scope of Rule 10(c).  *Galvan v. Yates*, 2006 WL 1495261, at *4 (E.D. Cal. May 24, 2006); *see also Scutt*, 2022 WL 787992, at *3 (declining to consider exhibits containing "evidentiary material . . . provided to support" the plaintiff's claims).

Nor are the exhibits incorporated into the complaint by reference.  It is true that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  But

7

the purpose of the incorporation-by-reference doctrine is to prevent plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  In other words, the incorporation-by-reference doctrine is a protection for defendants against selective quotation by plaintiffs, not a loophole for plaintiffs to circumvent the limits of Rule 10(c).  The application advocated by Plaintiffs here would be untethered from the doctrine's purpose.[5]

In sum, none of the exhibits is part of the complaint for purposes of deciding the motion to dismiss.[6]  In addition, in light of Plaintiffs' argument that some of the exhibits are "the core evidence proving" the merits of their claims, ECF No. 29 at PageID.215, the court reminds Plaintiffs that at the pleadings stage, they need not "include any affidavits, exhibits, or *any other evidence* to support the

---

[5]  HPD suggests that part of one exhibit—the response letter from HPD's Professional Standards Office—can be considered because it is referenced in the complaint.  *See* ECF No. 20-1 at PageID.130 n.18; *see also* ECF No. 1-2 at PageID.17 (response letter); ECF No. 1 at PageID.3 (reference in complaint).  But even if the letter were considered, it would not remedy the deficiencies that require dismissal of Plaintiffs' claims, which are explained in the following sections.

[6]  After the motion had been fully briefed, Plaintiffs filed an additional set of exhibits "in support of" their complaint.  ECF No. 37 at PageID.287; *see also* ECF Nos. 37-1 through 37-22.  The court cannot consider these exhibits for two reasons.  First, they are untimely because they were filed more than 21 days after HPD filed its motion, without HPD's consent or leave of court.  *See* Fed. R. Civ. P. 15(a).  Second, even if the exhibits had been timely filed, many—if not all—would not qualify for consideration under either Rule 10(c) or the incorporation-by-reference doctrine, for the same reasons that preclude consideration of the initial eleven exhibits.

allegations," *Peck v. Minev*, 2021 WL 11096404, at *1 (D. Nev. Dec. 28, 2021) (italics added).  Instead, the complaint itself must contain a "short and plain statement" of each claim showing an entitlement to relief.  Fed. R. Civ. P. 8(a)(2). "Extensive exhibits are unnecessary, and do not substitute for the express allegation of facts in the body of the complaint."  *Cicalla v. Rogers*, 2021 WL 4065534, at *2 (E.D. Cal. Sept. 7, 2021).

## B. Section 1983 Claims

To state a § 1983 claim, Plaintiffs must allege "that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  The essence of Plaintiffs' § 1983 claims is that Iwamasa intentionally scuttled the sexual-assault investigation, in violation of Chen's rights to due process and equal protection under the Fourteenth Amendment.  ECF No. 1 at PageID.3.[7]  Based on these alleged violations, Plaintiffs bring a § 1983 claim against Iwamasa and a claim against HPD under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### 1. *Due Process Claim*

The Due Process Clause of the Fourteenth Amendment prohibits the States from depriving "any person of life, liberty, or property, without due process

---

[7] Although the complaint asserts due-process and equal-protection violations in a single § 1983 claim, *see* ECF No. 1 at PageID.3, this Order analyzes them as distinct claims.

of law."  U.S. Const. amend. XIV, § 1.  Accordingly, "those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The complaint alleges that Defendants deprived Chen of her "right to a fair and impartial investigation."  *See* ECF No. 1 at PageID.3.  But police officers have "no affirmative obligation to investigate a crime in a particular way."  *Gini v. L.V. Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994).  As a result, Chen had no freestanding right to a particular standard of investigation.  *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another constitutional right involved.").

Plaintiffs argue that the Ninth Circuit has "distinguished between investigative error—which does not give rise to a constitutional claim—and deliberate falsification, which does."  ECF No. 29 at PageID.217.  Although Plaintiffs are partially correct, this argument misses a critical point:  Deliberate misconduct in an investigation does not on its own violate the Due Process Clause.  Instead, a violation occurs when investigators' misconduct deprives a person of a cognizable interest in life, liberty, or property.

For example, *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001), involved a constitutional right to be free from criminal charges brought "on

the basis of deliberately fabricated evidence."  In that context, the fabrication of evidence can lead to a wrongful conviction and an unconstitutional deprivation of a defendant's physical liberty.  *Cf. Meachum v. Fano*, 427 U.S. 215, 224 (1976) (stating that "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty"); *see also Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) ("[T]he paradigmatic liberty interest under the due process clause is freedom from incarceration.").

       *Costanich v. Department of Social & Health Services*, 627 F.3d 1101, 1111 (9th Cir. 2010), also involved falsification of evidence by government investigators.  There, the alleged falsification occurred in a child welfare proceeding that culminated in revocation of a foster parent's license and custody. *Id.*  Those liberty and property interests implicated the foster parent's right to due process.  *See id.* at 1110–11 (discussing whether the loss of license and custody was a "deprivation of life, liberty, or property").

       Here, plaintiffs have not alleged a cognizable deprivation of life, liberty, or property.  Although the complaint alleges that Defendants' misconduct "enable[ed] the suspect to evade prosecution," ECF No. 1 at PageID.3, private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The complaint also alleges that Defendants' misconduct caused Chen to suffer

"psychological injury, trauma, and ongoing impairment to her sense of personal safety." ECF No. 1, at PageID.3. But even assuming that these injuries implicate a life, liberty, or property interest, the Complaint does not contain facts showing that they flowed from the alleged investigation misconduct itself. Instead, the clear implication is that they resulted from the alleged assailant remaining at large. Injuries of that sort are beyond the scope of the Due Process Clause. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property interests of its citizens against invasion by private actors.").

In sum, the Due Process Clause did not obligate Defendants to investigate the alleged assault in any particular way, *Gini*, 40 F.3d at 1045, to prosecute the alleged assailant, *Linda R.S.*, 410 U.S. at 619, or to protect Chen from further injury, *DeShaney*, 489 U.S. at 195.[8] And because these legal barriers cannot be surmounted by alleging additional facts, Plaintiffs' § 1983 claim based on a violation of the Due Process Clause is DISMISSED WITHOUT LEAVE TO AMEND.

---

[8] Of course, the Due Process Clause can give rise to a duty to protect under certain circumstances not applicable here, such as where a special relationship exists (for example, incarceration), or where a State affirmatively places a person in danger. *See Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) (citing *Deshaney*, 489 U.S. at 198–202, and *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011)).

## 2.    *Equal Protection Claim*

The Equal Protection Clause prohibits the States from denying "to any person within [their] jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  A § 1983 claim based on a violation of the Equal Protection Clause requires a showing that the defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Law enforcement's failure to investigate a crime because of the victim's race can violate the Equal Protection Clause.  *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1008 (9th Cir. 2010) ("The officers' alleged discriminatory failure to arrest, as well as investigate, therefore violated equal protection."); *see also Gomez*, 757 F.2d at 1006, 1006 n.1 (affirming summary judgment for defendants and noting that plaintiffs had "made no showing that the alleged failure to investigate was because of the victim's race . . . or any other facts that would implicate violation of equal protection rights").

Here, however, the complaint does not allege that Defendants failed to investigate the alleged assault because of Chen's race or her membership in another protected class.  Plaintiffs argue in their opposition that Defendants acted with "discriminatory intent based on Plaintiff Chen's Chinese national origin and immigration-related background," and point to several sets of facts as support for that conclusion.  ECF No. 29 at PageID.220.  But these facts are not alleged in the

13

complaint, and therefore cannot be considered in deciding the motion to dismiss. *See Marder*, 450 F.3d at 448.

For these reasons, Plaintiffs' § 1983 claim based on a violation of the Equal Protection Clause is DISMISSED.  But because Plaintiffs could conceivably allege additional facts sufficient to show discrimination based on race or another protected status, the claim is dismissed WITH LEAVE TO AMEND.

### 3.    Monell *Claim*

To state a *Monell* claim, a complaint must allege that a municipal "policy, practice, or custom" was "a moving force" behind a violation of the plaintiff's federal rights.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694).  It is not sufficient to allege the existence of a policy, practice, or custom that "might have authorized" conduct that would violate a federal right.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (italics omitted).  Instead, the complaint must allege an actual violation of a federal right.  *See Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996) ("Under *Heller* and general principles of § 1983 liability, an individual may recover only when that individual's federal rights have been violated.").

Because the complaint does not plausibly allege a violation of a federal right, it fails to state a *Monell* claim.  But because Plaintiffs could conceivably allege facts sufficient to plead a violation of the Equal Protection Clause, their *Monell* claim is DISMISSED WITH LEAVE TO AMEND.

14

**C.      Other Claims**

*1.      Negligence*

The complaint also asserts a state-law claim for "Negligence and Gross Negligence." ECF No. 1 at PageID.3. In support of this claim, Plaintiffs allege that Defendants "owed Plaintiffs a duty of care in handling evidence, preserving confidentiality, and ensuring lawful procedure," and "breached this duty through reckless disregard and intentional misconduct." *Id.*

Under 28 U.S.C. § 1367(c)(3), the court "may decline to exercise supplemental jurisdiction" over state-law claims where the court "has dismissed all claims over which it has original jurisdiction." Because (1) the complaint fails to allege facts establishing diversity jurisdiction and (2) all federal claims are dismissed, the court declines to address Plaintiffs' state-law negligence claim at this time. If Plaintiffs file an amended complaint that plausibly pleads a federal claim and re-pleads the negligence claim, the court will retain jurisdiction over the latter claim and address it if and when Defendants again request dismissal. If Plaintiffs do not file an amended complaint, the court will decline jurisdiction over the state-law negligence claim pursuant to § 1367(c)(3). *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (stating that where no

15

federal claims remain, declining supplemental jurisdiction over remaining state-law claims is generally appropriate).[9]

### 2.     *Evidence Tampering and Obstruction of Justice*

The complaint also asserts a claim for "Evidence Tampering and Obstruction."  ECF No. 1 at PageID.3.  Plaintiffs' opposition, however, acknowledges "the absence of a standalone civil tort" for evidence tampering or obstruction.  ECF No. 29 at PageID.229.[10]  This claim is therefore DISMISSED WITHOUT LEAVE TO AMEND.

## D.     Requests for Relief

The complaint asserts independent claims for "injunctive and declaratory relief" and "punitive damages."  ECF No. 1 at PageID.4, 6.  These requests for relief are not standalone claims, but rather are derivative of Plaintiffs' other claims, and are therefore DISMISSED WITHOUT LEAVE TO AMEND. *See Gaspar v. Bank of Am., N.A.*, 2010 WL 4226466, at *8 (D. Haw. Oct. 18,

---

[9] Plaintiffs' opposition refers for the first time to a claim for intentional infliction of emotional distress (IIED).  *See* ECF No. 29 at PageID.228.  If Plaintiffs do in fact intend to assert an IIED claim, they must say so clearly in any amended complaint.  *See, e.g.*, *Manant v. United States*, 2011 WL 1103828, at *3 (D. Haw. Mar. 22, 2011) (stating that a complaint must "clearly set forth separate counts for each cause of action"); *see also Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts.").

[10] Plaintiffs' opposition argues that the "evidence tampering allegations constitute factual support" for their other claims.  ECF No. 29 at PageID.229.  As discussed, however, Plaintiffs' § 1983 claims are insufficiently pled not because the complaint lacks allegations of misconduct, but rather because the misconduct that *is* alleged does not violate a federal right.  Similarly, Plaintiffs' state-law claims are not being dismissed for lack of factual support.

16

2010) (collecting cases).  Should Plaintiffs file an amended complaint, they may of course request any appropriate relief, but such requests should not be pled as distinct claims.  *See* Fed. R. Civ. P. 8(a)(2)–(3) (distinguishing claims from demands for relief).

## V.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' claims are DISMISSED.[11] Plaintiffs are granted LEAVE TO AMEND only as to: (1) their § 1983 claim based on a violation of the Equal Protection Clause; (2) their *Monell* claim; and (3) their state-law claims based on negligence and/or intentional infliction of emotional distress.  Plaintiffs may not assert new claims or name new defendants in an amended complaint.  In addition, an amended complaint must clearly attribute alleged actions to particular defendants and specify which claims are asserted against which defendants.  *See, e.g.*, *Char v. Tresch*, 2023 WL 7090397, at *5 (D. Haw. Oct. 26, 2023) (stating that a complaint that fails to specify "what each [defendant] did or failed to do" is an impermissible "shotgun pleading").  And finally, an amended complaint should not name the City and County of Honolulu

---

[11]  Iwamasa has not entered an appearance and therefore has not filed a motion to dismiss.  But because Iwamasa is similarly situated to HPD, the court sua sponte dismisses the claims against her for the same reasons discussed in this Order.  *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating that a district court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related").

as a separate defendant from HPD, because they are a single legal entity for purposes of this suit. *See Kealoha*, 869 F. Supp. 2d at 1214 (collecting cases).

Plaintiffs may file an amended complaint by July 16, 2026. Failure to do so will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

18