IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHUANG CHEN; and JIANFEI YE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY & COUNTY OF HONOLULU; LORRAINE IWAMASA, in her individual and official capacities; and UNNAMED MALE DETECTIVE,<br><br>Defendants. | CIV. NO. 26-00054 JMS-WRP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT, ECF NOS. 46 & 47 |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT, ECF NOS. 46 & 47**

## I. INTRODUCTION

This case arises out of an investigation into an alleged sexual assault of Plaintiff Shuang Chen ("Chen") committed by a United States Navy ("Navy") servicemember. Chen and her husband, Plaintiff Jianfei Ye ("Ye") (collectively, "Plaintiffs"), allege that the investigation was scuttled by Defendant Lorraine Iwamasa ("Iwamasa"), a detective with the Honolulu Police Department ("HPD"). Specifically, Plaintiffs allege that Iwamasa leaked evidence to the alleged assailant, omitted evidence from the police report, improperly transferred jurisdiction over the case to the Navy, and falsified case records to cover her tracks.

In the wake of these alleged events, Plaintiffs, proceeding pro se, sued Iwamasa, HPD, the City and County of Honolulu (the "City"), and an "Unnamed Male Detective." After the court dismissed the original complaint with partial leave to amend, Plaintiffs filed a second amended complaint ("SAC")[1] asserting:

- a claim against Iwamasa under 42 U.S.C. § 1983 based on an alleged violation of Chen's Fourteenth Amendment right to equal protection;
- a claim against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); and
- state-law claims against Iwamasa and the City for negligence and intentional infliction of emotional distress.

Now pending before the court are separate motions to dismiss filed by Iwamasa and the City. For the reasons that follow, the motions are GRANTED.

## II. BACKGROUND

### A. Factual Background[2]

On April 2, 2024, Chen was sexually assaulted by a Navy servicemember in a condominium in Mililani, Hawaii. ECF No. 43 at PageID.467. Chen reported the assault to HPD on May 10, 2024, and provided "detailed hand-drawn evidence" of the condominium's layout and certain distinctive physical

---

[1] No first amended complaint was filed in this case. Shortly before the original complaint was dismissed, Plaintiffs filed a motion for leave to file an amended complaint, together with a proposed first amended complaint. ECF No. 40. The motion was denied in light of the dismissal of the original complaint with partial leave to amend. ECF No. 42.

[2] This factual background is drawn from the allegations contained in the SAC, ECF No. 43, which are taken as true at this motion-to-dismiss stage. *See, e.g.*, *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

characteristics of the alleged assailant. *Id.* at PageID.467–468. Iwamasa "was assigned as the investigating officer" and interviewed Chen on May 21, 2024. *Id.* at PageID.468. Iwamasa "specifically permitted an unidentified male detective" to be present during the interview. *Id.* Chen "did not consent to this male detective's presence and was not informed of his identity or role." *Id.*

The alleged assailant was interviewed on June 6, 2024. *Id.* at PageID.469. Shortly thereafter, he "was observed replacing specific items in his condominium unit that directly corresponded to the confidential hand-drawn evidence" that Chen had provided. *Id.*

Iwamasa omitted "incriminating evidence" from the police report, including information about the alleged assailant's "long-term harassment, sexual harassment, and intimidation." *Id.* at PageID.471. After Chen "raised concerns about evidence leakage and investigative misconduct," Iwamasa "entered and modified case status records within the HPD computer system" and entered a case closure date of June 10, 2024. *Id.* at PageID.468. Iwamasa also made "affirmative, false representations" to Chen that the case was being sent to the Office of the Prosecuting Attorney "for prosecutorial review." *Id.* The Office of the Prosecuting Attorney "never received" the case. *Id.*

Plaintiffs "escalated their concerns" regarding "investigative misconduct" and "evidence irregularities" to "supervisory HPD personnel and

other City officials," including to an HPD officer with "supervisory authority over the pre-transfer review." *Id.* at PageID.469. Despite receiving notice of Plaintiffs' concerns, HPD did not perform a "supervisory review" or take "corrective action," and instead transferred jurisdiction to the Navy on July 9, 2024. *Id.* After the transfer, the Navy did not notify Chen of its investigation or seek her participation, did not detain or charge the alleged assailant, and ultimately "closed its investigation on July 18, 2024—less than ten days after assuming jurisdiction." *Id.*

On September 12, 2024, HPD's Professional Standards Office "issued a written determination" sustaining a portion of a complaint filed by Plaintiffs about how the case had been handled. *Id.* at PageID.470.

As a result of these events, Chen "suffered severe and documented psychological injury, trauma, ongoing psychiatric impairment, multiple hospitalizations, and deprivation of any meaningful opportunity to seek criminal accountability." *Id.* at PageID.472.

**B. Procedural Background**

On June 16, 2026, the court dismissed Plaintiffs' original complaint with partial leave to amend. ECF No. 41. Plaintiffs filed the SAC on June 22, 2026. ECF No. 43. Iwamasa and the City filed separate motions to dismiss on July 6, 2026. ECF Nos. 46, 47. Plaintiffs filed oppositions to the motions on July 13, 2026, ECF Nos. 50, 51, and on August 10, 2026, Iwamasa and the City filed

replies, ECF Nos. 52, 53. The court decides the motions without a hearing pursuant to Local Rule 7.1(c).

## III. STANDARDS OF REVIEW

A complaint must contain "a short and plain statement" of each claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To determine whether this requirement is satisfied, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and decide whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "may not simply recite the elements of a cause of action," and instead "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Iqbal*, 556 U.S. at 678 (stating that Rule 8 does not require detailed factual allegations, but "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation"). The court generally will not look beyond the four corners of the complaint to decide whether it states a plausible claim. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Pro se filings must be liberally construed, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but "nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong," *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## IV. DISCUSSION

### A. Federal Claims

#### *1. Chen's Equal Protection Claim*

The SAC asserts a § 1983 claim against Iwamasa based on an alleged violation of Chen's rights under the Equal Protection Clause of the Fourteenth Amendment. ECF No. 43 at PageID.471. The essence of this claim is that Iwamasa's alleged misconduct amounted to intentional discrimination. *See id.*

The Equal Protection Clause prohibits discrimination in the provision of police services, such as a race-based refusal to meaningfully investigate a possible crime. *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1008 (9th Cir. 2010) ("The officers' alleged discriminatory failure to arrest, as well as investigate, therefore violated equal protection."); *see also Est. of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) ("There is a constitutional right . . . to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons.").

The SAC asserts two theories of discrimination. *See* ECF No. 43 at PageID.471–472. First, it asserts a traditional discrimination theory—that Iwamasa discriminated against Chen based on her membership in a protected class. Second, it asserts a "class-of-one" theory—that Iwamasa treated Chen differently from similarly situated individuals without a rational basis.

Iwamasa argues that the SAC fails to state a claim under either theory. ECF No. 46-1 at PageID.507–514. The court agrees.

*a. Protected-status claim*

A protected-status discrimination claim requires the plaintiff to show that the defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). To state a claim, the factual allegations in the complaint need not show "that the challenged action rested *solely* on racially discriminatory purposes," but must at minimum show "that a discriminatory purpose [was] a motivating factor" behind the defendant's actions. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977) (emphasis added). Factual allegations that support a reasonable inference of discriminatory intent are sufficient. *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

Here, the SAC alleges that Iwamasa discriminated against Chen "based on her gender and/or her status as a female civilian sexual assault victim reporting a crime committed by a military service member." ECF No. 43 at PageID.471. Sex is, of course, a protected status under the Equal Protection Clause. *Ballou v. McElvain*, 14 F.4th 1042, 1054 (9th Cir. 2021) ("[I]t is undisputed that sex is a protected classification under the Equal Protection Clause."). But the SAC lacks any allegations showing that Chen's sex—or, for

that matter, her "status as a female civilian sexual assault victim"—was a "motivating factor" behind Iwamasa's alleged misconduct. *Arlington Heights*, 429 U.S. at 270. Instead, the SAC makes only a conclusory claim that Iwamasa "discriminated against" Chen, then goes on to repeat Iwamasa's alleged misconduct. ECF No. 43 at PageID.471. Simply labeling Iwamasa's alleged actions as discriminatory, however, is not sufficient to state a claim. *See Twombly*, 550 U.S. at 555 (stating that "labels and conclusions" are insufficient to survive a motion to dismiss).

Plaintiffs argue that Iwamasa's alleged actions, taken "together" and "as a whole," show discriminatory intent. ECF No. 50 at PageID.541–542; ECF No. 51 at PageID.552. The court construes this argument to mean that Iwamasa's alleged actions support an inference of discriminatory intent. *See Monteiro*, 158 F.3d at 1026 (stating that a § 1983 equal protection claim may be based on alleged facts "that are at least susceptible of an inference of discriminatory intent"). But such an inference would be unreasonable, because nothing about Iwamasa's alleged actions is inherently discriminatory, and no other alleged facts suggest her actions were motivated by Chen's sex or by any other protected status. *See Curtis v. Inslee*, 154 F.4th 678, 695 (9th Cir. 2025) ("On review of a motion to dismiss, we need draw only those *reasonable* inferences in the [plaintiffs'] favor, not all potential inferences."); *Juan H. v. Allen*, 408 F.3d 1262, 1277 (9th Cir. 2005)

(stating that "a 'reasonable' inference is one that is supported by a chain of logic, rather than . . . mere speculation").

In short, the SAC lacks the "specific, nonconclusory factual allegations" required to show—either directly or inferentially—that Iwamasa had any "discriminatory motive." *Jeffers v. Gomez*, 267 F.3d 895, 914 (2001). As a result, the SAC fails to state a protected-status discrimination claim.[3]

*b. Class-of-one claim*

The complaint also asserts a class-of-one claim, which requires showing that the plaintiff was intentionally treated differently from other similarly situated individuals without a rational basis. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The plaintiff "must be similarly situated to the proposed comparator in all material respects." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022). A conclusory allegation of differential treatment is insufficient; instead, the plaintiff must articulate which individuals were similarly situated, explain how she was similar to those individuals, and describe the difference in treatment. *See McCollum v. Cal. Dep't of Corrs. & Rehab.*, 647 F.3d 870, 880–81 (9th Cir. 2011).

[3] Plaintiffs argue in their oppositions that the SAC also alleges discrimination based on race or national origin. *See* ECF No. 51 at PageID.553 ("Although the [SAC] does not use the exact words 'race' or 'national origin,' it contains detailed factual allegations that plausibly support an inference of discrimination on these bases."). But the SAC contains no allegations relating in any way to race or national origin, and it therefore fails to allege discrimination on those bases.

Here, the SAC alleges only that Iwamasa treated Chen "differently from similarly situated sexual assault complainants." ECF No. 43 at PageID.471. This vague allegation is insufficient to state a class-of-one claim. *See Gerhart v. Lake County*, 637 F.3d 1013, 1021–24 (9th Cir. 2011) (reversing summary judgment for defendants on class-of-one claim in part because plaintiff had identified "at least ten other property owners on his block" and explained their preferable treatment); *Olson v. Carter*, 2021 WL 3115126, at *4 (E.D. Cal. July 22, 2021) ("To state a claim as a class of one, a plaintiff must articulate to whom she is similarly situated . . . and how they are similar.").

***2. Ye's Equal Protection Claim***

The SAC names Ye as a plaintiff and vaguely alleges that "Plaintiffs"—plural—were deprived of federal rights in violation of § 1983. ECF No. 43 at PageID.474. The SAC's statement of the equal protection claim, however, is focused exclusively on Chen and makes no mention of Ye. *See id.* at PageID.471–472 (alleging that Iwamasa "discriminated against . . . Chen" and "treated . . . Chen differently from similarly situated sexual assault complainants"). Moreover, the SAC contains no allegations showing that Ye was discriminated against based on a protected status, or that he was treated differently from similarly situated individuals without a rational basis. The SAC therefore fails to state an equal protection claim on behalf of Ye.

### *3.* Monell *Claim*

To state a *Monell* claim, a plaintiff must allege that a municipal "policy, practice, or custom" was "a moving force" behind a violation of her federal rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). As discussed, the SAC fails to plausibly allege a violation of either Chen's or Ye's federal rights. As a result, it necessarily fails to state a *Monell* claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (stating that a § 1983 claim cannot be premised on a policy that "might have" authorized a violation of federal rights); *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996) ("Under *Heller* and general principles of § 1983 liability, an individual may recover only when that individual's federal rights have been violated.").

## B. Leave to Amend Federal Claims

Leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and should be denied only where "the pleading could not possibly be cured by the allegation of other facts," *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 960 (9th Cir. 2020) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)). In other words, leave to amend may be denied when amendment would be futile. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

After the pending motions to dismiss had been fully briefed, Plaintiffs filed a motion seeking leave to file a third amended complaint, together with a proposed third amended complaint ("TAC"). ECF Nos. 54, 54-2. The court is denying the motion by separate order, but has considered the proposed TAC for the limited purpose of determining whether amendment would be futile.

***1. Chen's Equal Protection Claim***

With respect to Chen's protected-status discrimination claim, the proposed TAC adds allegations that at the end of Chen's victim interview, Iwamasa asked two "intrusive, non-germane" questions: "When did you guys move here?"; and "What does your husband do?" ECF No. 54-2 at PageID.600. These questions appear to be nothing more than idle conversation, and even when viewed in the light most favorable to plaintiffs, they are insufficient to support a reasonable inference of discrimination. *Cf. Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990) (reviewing grant of summary judgment for defendants on claim under the Age Discrimination in Employment Act and stating that "stray remarks are insufficient to establish discrimination" (internal quotation marks omitted)) (collecting cases). Accordingly, the court concludes that amendment of Chen's protected-status discrimination claim would be futile.

With respect to Chen's class-of-one claim, however, the proposed TAC does more to address the SAC's deficiencies. Specifically, the proposed TAC clarifies that the relevant comparators are other "complainants of serious

felony sexual assaults." ECF No. 54-2 at PageID.601. And the proposed TAC alleges that within this group, "non-Asian civilian complainants" alleging sexual assault by "non-military civilians" regularly have their cases handled by HPD without the kind of misconduct that allegedly occurred in Chen's case. *Id*. Although these new allegations may be conclusory without specific factual support, they are sufficient to persuade the court that amendment of Chen's class-of-one claim would not be futile.[4]

### *2. Ye's Equal Protection Claim*

Like the SAC, the proposed TAC names Ye as a plaintiff and vaguely alleges that "Plaintiffs"—plural—were deprived of federal rights in violation of § 1983. ECF No. 54-2 at PageID.604. But the proposed TAC's statement of the equal protection claim again focuses exclusively on Chen. *See id.* at PageID.600–601 (alleging that defendants "discriminated against . . . Chen" and "intentionally, maliciously, and without any rational basis treated . . . Chen differently"). And nothing in the SAC shows discrimination against Ye—that is, it contains no allegations that Ye himself was discriminated against based on a protected status or treated differently from similarly situated individuals without a rational basis. Given the complete absence of allegations supporting a distinct equal protection

[4] To be clear, the court is not deciding that the proposed TAC states a plausible class-of-one claim. Instead, the court is simply considering the development of this claim to date together with the new allegations in the proposed TAC, and concluding that further amendment would not be futile.

claim on behalf of Ye, the court concludes that further amendment of this claim would be futile.

### *3.* Monell *Claim*

Because (1) the *Monell* claim is dismissed for failure to plausibly allege an underlying violation of federal rights, and (2) the court is granting leave to amend Chen's class-of-one equal protection claim, Chen is also granted leave to re-assert a *Monell* claim premised only on a class-of-one theory.[5]

## C. State-Law Claims

Under 28 U.S.C. § 1367(c)(3), the court "may decline to exercise supplemental jurisdiction" over state-law claims where the court "has dismissed all claims over which it has original jurisdiction." Because (1) the SAC does not allege facts establishing diversity jurisdiction and (2) all federal claims are dismissed, the court declines to address Plaintiffs' state-law claims at this time. If

---

[5] The court is, however, wary of the logical tension between a class-of-one claim and certain bases for *Monell* liability. As a relatively recent decision from this district observed:

> [E]stablishing an unconstitutional longstanding practice or custom appears to be incompatible with a class-of-one equal protection claim because the practice or custom must also be widespread. Because a class-of-one claim requires intentional discriminatory treatment of one individual in comparison to similarly situated individuals, it does not appear that such treatment could be so "persistent and widespread" that it constitutes a "permanent and well settled city policy" as required by *Monell*.

*Garcia v. City & County of Honolulu*, 2018 WL 6028691, at *15 n.11 (D. Haw. Nov. 16, 2018) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) (internal citation omitted).

Plaintiffs file a further amended complaint that plausibly pleads a federal claim and re-pleads the state-law claims, the court will retain jurisdiction over the latter claims and address them if and when Defendants again request dismissal. If Plaintiffs do not file a further amended complaint, the court will decline jurisdiction over the state-law claims pursuant to § 1367(c)(3). *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (stating that where no federal claims remain, declining supplemental jurisdiction over remaining state-law claims is generally appropriate).

**D. Request for Criminal Referral**

Finally, the SAC requests that the court "consider referring the matter" to federal law enforcement authorities "for criminal investigation" and "potential prosecution." ECF No. 43 at PageID.478. The court declines to do so, as it is "not the function of the court to refer matters for criminal prosecution." *Tanksley v. CDC Avenal State Prison Officers*, 2009 WL 1212790, at *1 (E.D. Cal. May 4, 2009); *see also, e.g.*, *Foster v. Author Success Publ'g*, 2025 WL 3022296, at *1 (M.D. Ala. Oct. 29, 2025) ("As an impartial, independent branch of government, the court has no authority to direct executive branch agencies or officials to investigate crimes or refer matters (other than criminal contempt of court) to executive agencies for prosecution."); *Almond v. Pollard*, 2010 WL 4531398, at *2 (W.D. Wis. Nov. 2, 2010) ("This court has no authority to launch

investigations into criminal wrongdoing or to ask law enforcement to initiate criminal proceedings.").

## V. CONCLUSION

For the foregoing reasons, the motions to dismiss, ECF Nos. 46 & 47, are GRANTED. Plaintiffs' federal claims are DISMISSED. And as a result, the court declines to consider Plaintiffs' state-law claims at this time.

Plaintiffs are granted LEAVE TO AMEND only as to (1) Chen's class-of-one equal protection claim, and (2) a *Monell* claim on behalf of Chen, premised on a class-of-one theory. Plaintiffs may re-assert the state-law claims asserted in the SAC, but may not add any new claims (state or federal) or re-assert claims that have been dismissed without leave to amend. Any amended complaint must be filed by September 18, 2026. This will be Plaintiffs' final opportunity to amend. If no amended complaint is filed by that date, the court will dismiss the state-law claims without prejudice and close the action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2026.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge